## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

X CORP., SUCCESSOR IN INTEREST
TO TWITTER, INC.

               Plaintiff,

     v.

MARK SCHOBINGER

            Defendant

C.A. No. 1:23-cv-778-RP

### PLAINTIFF'S EMERGENCY MOTION FOR REMAND

Plaintiff X Corp., successor in interest to Twitter ("Twitter"), files this Emergency Motion for Remand.

### INTRODUCTION

Twitter filed a Verified Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (the "Petition and TRO Application") in the 395th Judicial District of Williamson County, Texas (the "Texas Court") against forum-state defendant Mark Schobinger. Just minutes after Judge Ryan Larson of the Texas Court stated he would enter an order for emergency injunctive relief against Schobinger, Schobinger improperly removed the Petition and TRO Application to this Court in a transparent attempt to evade the Texas Court's authority. Schobinger's removal is improper for two independent reasons. First, Schobinger's removal violates the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2) because Schobinger is a Texas resident and his counsel both accepted service prior to filing the notice of removal and appeared and argued at a chambers conference (the "TRO Hearing") in the Texas Court. Second, Schobinger fails to satisfy the jurisdictional requirement under 28 U.S.C. § 1332(a) because the amount in controversy in the Petition and TRO Application does not exceed

$75,000.  Twitter files this Emergency Motion for Remand to return this matter to the Texas Court, which has already considered and recognized the need for emergency injunctive relief.

## BACKGROUND

On July 6, 2023, Twitter filed its Petition and TRO Application against Schobinger in Williamson County, Texas—the Texas county in which he resides.[1]  Schobinger forced Twitter to file its Petition and TRO Application after he improperly downloaded, uploaded, and emailed Twitter's highly confidential and sensitive compensation documents to his personal Google drive and email, and refused to provide Twitter with any meaningful assurances that he had not disclosed and would not disclose to third parties the documents and information he took.  While Twitter was seeking the return of its confidential information, Schobinger filed a class action lawsuit in the United States District Court for the Northern District of California (the "California Lawsuit") asserting a failure to pay bonus claim that relates, in part, to the information included in the compensation documents that Schobinger improperly took.[2]  In its Petition and TRO Application, Twitter seeks only non-monetary relief; it does not seek damages, let alone damages in excess of $75,000.[3]

On July 7, 2023, as a professional courtesy because she knew Schobinger was represented, counsel for Twitter reached out to Shannon Liss-Riordan, counsel for Schobinger, to inform her that Twitter had filed the Petition and TRO Application and to ask if Liss-Riordan would "agree to accept service on behalf of Mr. Schobinger."[4]  After the weekend, on July 10, Liss-Riordan

---

[1]  A true and correct copy of Twitter's Petition and TRO Application is attached as Ex. A.

[2]  *See generally id*.

[3]  *Id*. ¶ 12.

[4]  A true and correct copy of the July 7 – 10 email exchange between counsel is attached as Ex. B.

responded that she "will accept service for Mr. Schobinger."[5]   Later that same day, the Texas Court's coordinator reached out to the parties' counsel to set a conference concerning Twitter's Petition and TRO Application.[6]   In response, Liss-Riordan stated that she represents Schobinger, stated that she "[is] in the process of retaining local counsel in Texas on this matter," and "request[ed] that the court wait until next week to hold a hearing, if any[.]"[7]   The Texas Court's coordinator followed up the following day, July 11, asking if the parties were available that afternoon.[8]   Liss-Riordan's partner, Bradley Manewith, also of Lichten & Liss-Riordan, P.C., responded: "I can be available **on behalf of Defendant** [Schobinger]."[9]   After both parties' counsel confirmed their availability,[10] the Texas Court held the TRO Hearing.  The TRO Hearing began at 3:35 p.m. central standard time and ended at approximately 4:00 p.m.  Both Twitter's counsel and Schobinger's counsel appeared at the TRO Hearing.

   At the TRO Hearing, Schobinger was represented by Manewith, who fully participated in the hearing, arguing, among many other things as set forth below, that the Texas Court should deny Twitter's Petition and TRO Application because Schobinger purportedly deleted all Twitter documents that he took.  When the Court informed the parties that it intended to enter a slightly-revised version of the proposed temporary restraining order that Twitter submitted, Manewith argued that the order should include additional restrictive language, prompting Judge Larson to include the following language in the TRO: "[n]othing in this Order shall be construed as

---

[5]  *Id*.

[6]  A true and correct copy of the July 10 – 11 email exchange between the Texas Court coordinator and counsel is attached as Ex. C.

[7]  *Id*. (emphasis added)

[8]  *Id*.

[9]  *Id*. (emphasis added)

[10] *Id*.

prohibiting Schobinger from asserting his claims or any defenses in the [California] Lawsuit."[11] After Judge Larson ruled from the bench and began discussing scheduling the temporary injunction hearing, Manewith stated that he could not agree to the TRO being extended beyond 14 days without Schobinger's consent.  Manewith also estimated that the temporary injunction would take four hours to argue.

Manewith noted that he was not licensed to practice law in Texas and that they had not yet retained Texas counsel to represent Schobinger.  For this reason, Manewith agreed with Judge Larson that Twitter's Motion for Expedited Discovery should be held in abeyance until they could retain Texas counsel to argue the motion.  However, he fully participated in and argued at the TRO Hearing, and at no point did Manewith mention his firm's plan to have its local counsel remove the case to federal court if the result of the Hearing did not go Schobinger's way.  At no point during the TRO Hearing did Manewith mention that the Texas Court did not have or would soon (purportedly) lack jurisdiction over this matter because his firm's local counsel would soon file a notice of removal.

The TRO Hearing concluded at approximately 4:00 p.m., with the Texas Court stating it would enter an order for emergency injunctive relief against Schobinger and instructing Twitter's counsel to submit a slightly-revised temporary restraining order—again, including Manewith's proposed revision.  At 4:29 p.m., approximately 30 minutes after the TRO Hearing concluded, Manewith circulated the below email to the Texas Court to which he attached removal papers:[12]

---

[11]  A true and correct copy of the order that Twitter filed with the Texas Court following the TRO Hearing is attached as Ex. D.

[12]  A true and correct copy of Manewith's July 11 email to the Texas Court attaching removal papers is attached as Ex. E.



RE: 23-1074-C395 - X CORP. vs. Schobinger

BM   Bradley Manewith <bmanewith@llrlaw.com>
     To  ○ Kayla Marrou;  ✓ Moll, Stefanie R.;  ○ Shannon Liss-Riordan
     Cc  ✓ Mohr, Nanci;  ● Bramble, John;  ✓ Wallace, Thomas Cullen

                                                                   Tue 4:26 PM

ⓘ You forwarded this message on 7/12/2023 8:08 AM.

| PDF | 1.00   Notice of Removal.pdf | PDF | 1.01   State Court Complaint.pdf |
|     | 101 KB | | 5 MB |

| PDF | 1.02   Federal Court Complaint.pdf | PDF | 1.03   Civil Cover Sheet.pdf |
|     | 304 KB | | 155 KB |

[EXTERNAL EMAIL]
Ms. Marrou – Attached is a courtesy copy of a Notice of Removal that was filed in the Western District of Texas at the beginning of the hearing with Judge Larson.  As such, the court does not have jurisdiction over this matter to enter an order.

Regards,

Bradley Manewith
Lichten & Liss-Riordan, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
617-994-5800 (office)
617-994-5831 (direct)
617-994-5801 (fax)
bmanewith@llrlaw.com
www.llrlaw.com

    The removal papers attached to Manewith's email were signed by local counsel Drew Herrmann of Herrmann Law, PLLC out of Fort Worth, Texas, Liss-Riordan, and Manewith.[13] Herrmann, Schobinger's retained local counsel, filed the notice of filing the notice of removal with the Texas Court on July 11 at 4:46 p.m.—seventeen minutes after Manewith informed the Texas Court that it lacked jurisdiction.[14]  The notice of removal attached to Manewith's email to the

---

[13]  Lichten & Liss-Riordan have a pre-existing relationship with Herrmann as they retained him in at least three prior cases for other clients they represented.  *See Lynch v. Tesla, Inc.*, Case No. 22-cv-00597 (W.D. Tex.—Austin Division) (Judge Pitman presiding); *Richards v. International Business Machines Corporation*, Case No. 3:22-cv-00758-N (N.D. Tex.); *Debose v. Smith & Wollensky Restaurant Group, Inc.*, Case No. 4:12-cv-03030 (S.D. Tex.—Houston Div.).

[14]  A true and correct copy of the July 11, 2023, EfileTexas.gov Notification of Service email is attached as Ex. F (listing Drew Herrmann as the filer).

Texas Court includes a signature-block-date of July 7, 2023—four days before the TRO Hearing took place.   Dkt. No. 1.

By sending the above email to the Texas Court, Manewith misrepresented to the Texas Court that it lacked jurisdiction at a time when it very clearly had jurisdiction, as no notice of filing a notice of removal had been filed with the Texas Court.[15]  At the same time, Manewith continued advocating for his client and practicing law without a license in the State of Texas.  Rather than have their local counsel, who was most certainly retained at the time, argue at the TRO Hearing, both Liss-Riordan (in writing)[16] and Manewith (orally at the TRO Hearing) represented to the Texas Court that they had not yet retained local counsel.[17]

## ARGUMENT AND AUTHORITY

"Removal statutes are strictly construed against removal," *Herron v. Continental Airlines, Inc.*, 73 F.3d 57, 58 (5th Cir. 1996), and "any doubt about the propriety of removal must be resolved in favor of remand."  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007).  Consequently, the removing party bears the heavy burden of proving that the removal is proper.  *Id*.  Any doubts about whether removal jurisdiction is proper must be resolved against the exercise of federal jurisdiction.  *Berniard v. Dow Chem. Co.*, 481 Fed. Appx. 859, 862 (5th Cir. 2010) (affirming the district court's remand where the defendants in a class action had "not met their burden of demonstrating plausibly that the $5 million amount in controversy is apparent").

---

[15]  *See* 28 U.S.C. § 1446(d) (establishing that a defendant removing a case to federal court "shall file a copy of the notice with the clerk of such State court, **which shall effect the removal** and the State court shall proceed no further unless and until the case is remanded") (emphasis added); *Russell v. Bac Home Loans Servicing, L.P.*, No. SA-14-CA-480-FB, 2015 WL 11545023, at *4 (W.D. Tex. Mar. 11, 2015) (holding that "the state court was divested of jurisdiction over this matter" when the defendant "filed its Notice of Removal in the state court. And, once the state court has notice of the removal any further proceedings in the state court action are void.").

[16]  Ex. C.

[17]  Inexplicably, Manewith failed to copy Herrmann on his email to the Texas Court improperly informing it that it lacked jurisdiction. *See* Ex. E.

Here, Schobinger fails to carry his heavy burden because (i) Schobinger's removal violates the forum-defendant rule detailed in 28 U.S.C. § 1441(b)(2); and (ii) Schobinger fails to demonstrate that this lawsuit satisfies the amount in controversy requirement detailed in 28 U.S.C. § 1332(a).

**A.      Schobinger's Removal Violates the Forum-Defendant Rule.**

A defendant may remove a civil case brought in state court to the federal district court in which the case could have been brought.  28 U.S.C. § 1441(a).  In diversity cases, there is an additional limitation on removal known as the forum-defendant rule.  The rule provides:

> [a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

§ 1441(b)(2).

While Schobinger contends in his notice of removal that the forum-defendant rule "is inapplicable because [he] has not been served in this matter," Dkt. No. 1 ¶ 4, this argument is misplaced.  Schobinger's counsel agreed to accept service.[18]  And in any event, Schobinger's counsel entered an appearance in the Texas Court under Texas Rule of Civil Procedure 120 by fully participating in and arguing at the TRO Hearing, which has "the same force and effect as if the citation had been duly issued and served as provided by law."  Tex. R. Civ. P. 120.  Schobinger's counsel actively litigated the matter at the TRO Hearing, including by:

- Requesting that the Texas Court wait until the following week to hold a temporary restraining order hearing, if any.

- Arguing that the Texas Court should deny Twitter's Petition and TRO Application because Schobinger purportedly deleted all Twitter documents he once possessed.

- Arguing that Schobinger followed Twitter's instructions in deleting the information he had.

---

[18]  Ex. B ("We will accept service for Mr. Schobinger.").

- Arguing that Twitter is seeking a TRO only to keep Schobinger from litigating the California Lawsuit.

- Arguing that Schobinger should not be prevented from using the information he has "in his head" to litigate the California Lawsuit, thereby objecting to any injunction that would enjoin him from "using" the Twitter documents and information he took.

- Participating in a conversation with Judge Larson regarding revisions to the Order and specifically suggesting adding language to it that "Schobinger can testify to his own knowledge of the facts relevant to the California Lawsuit," or words to that effect.

- Commenting on his inability to argue the pending Motion for Expedited Discovery due to the alleged need to retain local counsel—despite having apparently retained Herrmann already.

- Participating in a discussion about whether the TRO should be extended beyond 14 days to allow for a more certain date for the temporary injunction and stating that he cannot do so without consulting with Schobinger.

- Proposing that Twitter's temporary injunction application should be set for a four-hour hearing.

While Schobinger cites in his notice of removal to non-binding cases supporting a forum-defendant's ability to "snap remove" a lawsuit to federal court, *see* Dkt. No. 1 ¶ 4, none of those cases involve a forum-defendant's counsel agreeing to accept service for the forum defendant, appearing at a hearing, arguing that a temporary restraining order should not issue against the forum defendant, participating in a conversation with a judge about revisions to a temporary restraining order to be issued against the forum defendant, participating in a conversation about the length of the TRO and scheduling of the temporary injunction hearing, and more.  Indeed, to the extent the email from Schobinger's counsel agreeing to accept service somehow does not amount to service, the affirmative actions taken to oppose Twitter's Petition and TRO Application do, as a matter of Texas law.  Tex. R. Civ. P. 120 ("[A]n appearance in open court . . . shall . . . have the same force and effect as if the citation had been duly issued and served as provided by law.").

In general, a party's personal appearance before a trial court indicates a submission to the

court's jurisdiction, constituting a general appearance and therefore waiving any complaint as to service. *Mays v. Perkins*, 927 S.W.2d 222, 225 (Tex. App.—Houston [1st Dist.] 1996, no writ) (citing Tex. R. Civ. P. 120); *cf. Seals v. Upper Trinity Regional Water Dist.*, 145 S.W.3d 291, 296 (Tex. App.—Fort Worth 2004, pet. dism'd) ("[A] party who is a silent figurehead in the courtroom, observing the proceedings without participating, has not [generally appeared].").  The court's ruling in *In re D.M.B.* is instructive as it also involved an appearance at a TRO hearing. 467 S.W.3d 100, 103–04 (Tex. App.—San Antonio 2015, pet. denied).  The *In re D.M.B.* court held that an attorney ad litem's objections to evidence and **objection to entry of a temporary restraining order** on behalf of the father in a parental-termination hearing constituted a general appearance by the father that **waived any complaint about the lack of service or improper service**.  Likewise, courts view disfavorably parties failing to file a special appearance and seeking a continuance. *See, e.g., Acadian Properties of Austin, LLC v. Blakey*, No. 07-20-00172-CV, 2021 WL 2125536, at *4 (Tex. App.—Amarillo 2021, no pet.) (holding that co-defendants requesting a continuance generally appeared thus waiving any defective service argument and noting that whether "service was defective is immaterial because neither [defendant] entered a special appearance to challenge the trial court's jurisdiction" and one defendant "merely requested additional time to find legal counsel to assist in defending the case").

Schobinger's counsel was a far cry from a "silent figurehead in the courtroom" on July 11, 2023.  *Seals*, 145 S.W.3d at 296.  Because Schobinger's counsel actively opposed the entry of the TRO both before, during, and even more so after the TRO Hearing, failed to file a special appearance, requested additional time to find local counsel (which he already had), and more, he generally appeared in the Texas Court, and is thereby deemed to have been served as a matter of law under Texas Rule of Civil Procedure 120.  Section 1441(b)(2) bars Schobinger, as a Texas

resident, from removing this lawsuit to this Court.

**B.**     **Schobinger Fails to Demonstrate that the Petition and TRO Application Satisfies the Amount in Controversy Requirement Under 28 U.S.C. § 1332(a).**

Schobinger's attempted removal was improper for another, independent reason. Schobinger maintains the burden of demonstrating that the amount in controversy in this lawsuit exceeds $75,000, exclusive of interests and costs. *See Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing . . . that the amount in controversy exceeds $75,000."). Where, as here, "the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount. *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993). Schobinger may satisfy this burden in one of two ways. "First, jurisdiction will be proper if it is facially apparent from the plaintiffs' complaint that their claims are likely above $75,000." *Garcia*, 351 F.3d at 639 (citation and quotations omitted). Second, "[i]f the value of the claims is not apparent, then the defendants may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount." *Id*. (citation and quotations omitted). Schobinger did neither.

Here, Twitter asserts only one claim in its Petition and TRO Application and seeks only non-monetary relief.[19] It is not, therefore, "facially apparent" that the amount in controversy exceeds $75,000. *See TFHSP LLC Series 605 v. Lakeview Loan Servicing, LLC*, No. 3:14–CV–1782–B, 2014 WL 5786949, at *4 (N.D. Tex. Nov. 3, 2014) ("Had [the plaintiff] clearly selected a form of relief enumerated in Texas Rule of Civil Procedure 47(c) that exceeds $75,000 it would

---

[19] Ex. A ¶ 12.

have been facially apparent that the damages requested satisfy the jurisdictional requirement.").

Moreover, Schobinger submits no evidence or facts demonstrating that, based on Twitter's sole, non-monetary claim, the amount in controversy exceeds $75,000.  Instead, Schobinger offers only the conclusory assertion that the amount in controversy exceeds $75,000 because Twitter "seeks an injunction to preclude [Twitter] from using allegedly confidential information in connection with [the California Lawsuit]."  *See* Dkt. No. 1 ¶ 5.  Schobinger continues that "[t]he value of Mr. Schobinger's class claims exceeds $5 million," but that is irrelevant, as the instant suit does not seek to adjudicate his class claims.  *See id.*

As an initial matter, Twitter repeatedly stated in both its Petition and TRO Application and in its accompanying proposed order that the relief it seeks would **not** preclude Schobinger from litigating the California Lawsuit.  Indeed, the proposed temporary restraining order submitted to the Texas Court following the TRO Hearing states: "For the avoidance of doubt, this Order restrains neither Schobinger nor others acting in concert with Schobinger from seeking discovery from Twitter pursuant to the procedural rules of the court presiding over the putative class action lawsuit Schobinger filed against Twitter in the US District Court for the Northern District of California – San Francisco Division (the "Lawsuit"), or from using such discovery if obtained in the Lawsuit, nor does it restrain Twitter from asserting any objections to such discovery in the Lawsuit.  **Nothing in this Order shall be construed as prohibiting Schobinger from asserting his claims or any defenses in this Lawsuit**."[20]  Accordingly, the injunctive relief that Twitter seeks has no bearing on the California Lawsuit and, likewise, the California Lawsuit has no bearing on the Petition and TRO Application, particularly as it relates to the value of the sole, non-monetary claim that Twitter asserts against Schobinger.

---

[20]  Ex. D (emphasis added).

Even if the injunctive relief Twitter seeks would have some effect on the California Lawsuit, that effect would be collateral to the true object of this litigation, which is to ensure that Schobinger does not improperly use or disclose Twitter's confidential and sensitive information. In equitable relief cases, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Garcia*, 351 F.3d at 640. As a corollary, the Fifth Circuit has rejected a defendant's efforts to fabricate an amount in controversy by relying on "costs [that] are collateral to the true object of the litigation." *Id*. (holding that "costs of an equitable accounting should not be considered in determining the sum or value of the matter in controversy in the instant case") (citing *Ratliff v. Sears, Roebuck & Co.,* 911 F. Supp. 177, 179–80 (E.D.N.C. 1995) (holding that a defendant's discovery costs are not part of the amount in controversy)). Accordingly, the Court should not consider any collateral effect on the California Lawsuit (to the extent one even exists) in determining the amount in controversy of this lawsuit.

Through this lawsuit, Twitter seeks to defend against harm that is irreparable—i.e., harm that cannot be calculated in money damages. Schobinger therefore cannot demonstrate and has not demonstrated that the amount in controversy in the Petition and TRO Application exceeds $75,000. Moreover, even if the Court were to consider the purported amount in controversy in the California Lawsuit, Schobinger's generalized and conclusory allegations about that lawsuit provide this Court with no basis to find not only that the stakes of this litigation could exceed $75,000, but that the stakes of this litigation actually exceed $75,000. *See Berniard*, 481 Fed. Appx. at 863 (affirming remand in a class action where the defendants failed to establish the amount in controversy, noting that "the generalized and conclusional nature of the allegations of the several petitions and complaints" failed to satisfy the defendants' "burden of showing not only what the stakes of the litigation ***could*** be, but what they ***are*** in light of the plaintiffs' demands"

(emphasis in original)).  For this additional reason, this lawsuit should be remanded to the Texas Court.

## CONCLUSION AND REQUEST FOR FEES

Twitter respectfully requests that the Court grant its Emergency Motion for Remand and restore Judge Larson's emergency temporary restraining order against Schobinger to prevent his use and disclosure of its highly confidential compensation documents and information.  Given Schobinger's counsels' inappropriate conduct throughout this matter, including improperly seeking removal in a transparent attempt to evade the Texas Court's injunction and misrepresenting to the Texas Court that Schobinger lacked local counsel, Twitter further requests that the Court require Schobinger to pay Twitter's costs, expenses, and attorneys' fees associated with this Emergency Motion to Remand.  28 U.S.C. § 1447 ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

Dated: July 14, 2023

Respectfully submitted,

/s/ Stefanie R. Moll
**Stefanie R. Moll**
State Bar No. 24002870
Email: stefanie.moll@morganlewis.com
**T. Cullen Wallace**
State Bar No. 24072412
Email: cullen.wallace@morganlewis.com
**John P. Bramble**
State Bar No. 24101544
Email: john.bramble@morganlewis.com
**Morgan A. McGreevy**
State Bar No. 24125317
Email: morgan.mcgreevy@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX  77002
T:  713.890.5000
F:  713.890.5001

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 14, 2023, I served this document on Defendant Mark Schobinger's counsel via CM/ECF.

*/s/ John P. Bramble*
John P. Bramble
