UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| X CORP., SUCCESSOR IN INTEREST TO TWITTER, INC.<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MARK SCHOBINGER<br><br>　　　　　　Defendant | C.A. No. 1:23-cv-778-RP |

**ORDER**

Before the Court is Plaintiff X Corp., successor in interest to Twitter's ("Twitter") Emergency Motion for Remand ("Motion"). Having considered the parties' briefing and oral arguments (if any), the Court finds that the Motion shall be in all things **GRANTED** and the case shall be remanded to the 395th Judicial District Court of Williamson County, Texas.[1]

The Court finds that Schobinger improperly removed the Action for two reasons. First, Schobinger, by and through his counsel, generally appeared in Texas court pursuant to Tex. R. Civ. P. 120, thus precluding the use of "snap removal" under § 1441(b)(2). Second, pursuant to 28 U.S.C. § 1332, this court does not have subject matter jurisdiction over the Action because Schobinger has failed to establish by a preponderance of the evidence that the value of the object of the litigation exceeds the sum or value of $75,000 exclusive of interest and costs.

Because Schobinger lacked an objectively reasonable basis for removal, the Court awards Twitter attorneys' fees and costs pursuant to § 1447(c). Twitter is directed to file an affidavit demonstrating the attorneys' fees and costs reasonably incurred as a result of the removal within

---

[1] The Williamson County lawsuit is styled *X Corp. v. Schobinger*, No. 23-1074-C395 (395th Dist. Ct., Williamson County, Tex., July 6, 2023) (the "Action").

fourteen (14) days.

It is so **ORDERED**.

Signed on this \_\_\_\_ day of _____, 2023.

_____
**THE HONORABLE JUDGE
ROBERT L. PITMAN**