IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| X CORP., SUCCESSOR IN INTEREST TO TWITTER, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> MARK SCHOBINGER, <br><br> *Defendant.* | No. 1:23-cv-00778 |

**DEFENDANT'S MOTION TO TRANSFER VENUE**

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 2

III. ARGUMENT ..................................................................................................................... 4

    A. Legal Standard ...................................................................................................... 4

    B. Defendant Meets the Threshold Requirement to Warrant a Transfer .................... 6

    C. Transfer is in the Interest of Justice ....................................................................... 8

        1. The Private Interest Factors Strongly Support Transfer ............................ 8

        2. The Public Interest Factors Strongly Support Transfer ........................... 10

IV. CONCLUSION ................................................................................................................ 12

## TABLE OF AUTHORITIES

**Cases**

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W.D. Tex.*,
    571 U.S. 49 (2013) ................................................................................................... 6

*Balawajder v. Scott*,
    160 F.3d 1066 (5th Cir. 1998) ................................................................................... 5

*Bobosky v. Adidas AG*,
    2010 WL 4853295 (D. Or. Oct. 8, 2010) ................................................................... 5

*Bride Ministries, NFP v. DeMaster*,
    2020 WL 6822836 (E.D. Tex. Nov. 20, 2020) ........................................................... 7

*Broussard v. State Farm Fire and Cas. Co.*,
    523 F.3d 618 (5th Cir. 2008) ..................................................................................... 5

*Continental Grain Co. v. Barge FBL–585*,
    364 U.S. 19, 80 S. Ct. 1470 (1960) ......................................................................... 11

*DataTreasury Corp. v. First Data Corp.*,
    243 F. Supp. 2d 591 (N.D. Tex. Feb. 7, 2003) ....................................................... 2, 5

*Diem LLC v. BigCommerce, Inc.*,
    2017 WL 6729907 (E.D. Tex. Dec. 28, 2017) ......................................................... 12

*Greater Yellowstone Coal. v. Kempthorne*,
    2008 WL 1862298 (D.D.C. Apr. 24, 2008) ............................................................. 11

*Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*,
    321 F.2d 53 (5th Cir. 1963) ....................................................................................... 6

*In re Nintendo Co., Ltd.*,
    589 F.3d 1194 (Fed. Cir. 2009) ................................................................................. 6

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2009) ................................................................................. 6

*In re Vicor Corp.*,
    493 Fed. Appx. 59 (Fed. Cir. 2012) ........................................................................... 9

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) *("In re Volkswagen I")* ......................................... 6, 11

*In re Volkswagen of America, Inc.*,
    545 F.3d 304 (5th Cir. 2008) (*"In re Volkswagen II"*).......................................... 8, 9, 10, 12

*Johnson v. Am. Airlines, Inc.*,
    No. 79 C 5248, 1981 U.S. Dist. LEXIS 13215 (N.D. Ill. June 2, 1981) .................................5

*Moto Photo, Inc. v. K.J. Broadhurst Enterprises, Inc.*,
    2003 WL 298799 (N.D. Tex. Feb. 10, 2003) ...............................................................2, 5

*PersonalWeb Technologies, LLC v. NEC Corp. of Am., Inc.*,
    2013 WL 9600333 (E.D. Tex. Mar. 21, 2013) ......................................................... 6, 9, 11

*Realtime Data, LLC v. Rackspace US, Inc.*,
    2017 WL 772653 (E.D. Tex. Feb. 28, 2017)................................................................. 9

*Richmond Techs. Inc. v. Aumtech Business Solutions*,
    2011 WL 2607158 (N.D. Cal. July 1, 2011).................................................................7, 8

*Robert Westbery v. Gustech Communications, LLC*,
    2018 WL 3548869 (N.D. Tex. July 24, 2018) ...............................................................2, 5

*Schobinger v. Twitter, Inc. et al.*,
    Civ. Act. No. 3:23-cv-3007 (N.D. Cal.) ...........................................................................1, 2

*Sisk v. BWS Inspection Services, LLC*,
    2022 WL 3567349 (W.D. Tex. Aug. 16, 2022) ...............................................................5, 6

*Technology Credit Corp. v. N.J. Christian Academy, Inc.*,
    307 F. Supp. 3d 993 (N.D. Cal. Apr. 18, 2018) ................................................................ 8

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) .........................................................................................................5

*Vine Oil & Gas LP v. Indigo Minerals, LLC*,
    2019 WL 4140842 (E.D. Tex. Aug. 30, 2019) ................................................................7

*Zurich Am. Ins. v. Tejas Concrete & Materials Inc.*,
    982 F. Supp. 2d 714 (W.D. Tex. 2013) ..........................................................................7

**Statutes**

28 U.S.C. § 1391.................................................................................................................... 6

28 U.S.C. § 1404(a) ......................................................................................................1, 4, 6, 11

I.      **INTRODUCTION**

Pursuant to 28 U.S.C. § 1404(a), Defendant respectfully requests that this case be transferred to the Northern District of California. Twitter filed this case against Defendant Mark Schobinger seeking a temporary restraining order, temporary injunction, and permanent injunction that would bar him from disclosing certain confidential information that Twitter believes he possesses by virtue of his former role as Twitter's Head of Compensation and Benefits.

The genesis of Twitter's effort, however, is a class action brought by Mr. Schobinger against Twitter currently pending in the Northern District of California, *Schobinger v. Twitter, Inc. et al.*, Civ. Act. No. 3:23-cv-3007 (N.D. Cal.) (hereinafter "California Class Action"), which was filed on June 20, 2023. In that matter, Mr. Schobinger brought class claims against Twitter for breach of contract and promissory estoppel, alleging that Twitter had failed to pay annual bonuses that it had promised to its employees for 2022. As Twitter described in its Petition in this matter, it seeks injunctive relief here because the information that Defendant allegedly possesses includes a "Compensation Detail Report" that "conveniently contains [Performance Bonus Plan] information for all of the individuals whom [Schobinger] now seeks to represent in the California Lawsuit." (Twitter's Petition ¶ 3, Dkt. 1-1.) Twitter's expressed concern is that because Schobinger is the named Plaintiff in the California Class Action, "he and his counsel could use this information to their advantage and Twitter's detriment." (Twitter's Petition ¶ 41, Dkt. 1-1.).

Given that the documents in question are directly relevant to the claims raised in the California Class Action (and fall within the scope of discovery in that case), this Court should

transfer this matter to the Northern District of California so that the presiding judge there, the Honorable Vincent Chhabria, can address how best to address these documents.

Parties "may seek a transfer for the convenience of the parties and in the interest of justice." *Moto Photo, Inc. v. K.J. Broadhurst Enterprises, Inc.*, 2003 WL 298799, at *3 (N.D. Tex. Feb. 10, 2003). A transfer in "the interest of justice" is particularly appropriate where "related cases involving the same issues are pending in another court." *Id.* at *5. That is precisely why Defendant now seeks to transfer venue to the Northern District of California. It would be impractical to proceed with Twitter's Petition in this Court where the Northern District of California will necessarily need to decide what safeguards are appropriate for the documents Twitter claims Schobinger has and are confidential (although Schobinger has repeatedly made clear to Twitter that he does not possess these documents) in the context of discovery in the California Class Action. Indeed, Courts in the Fifth Circuit have routinely transferred venue where substantial overlap exists between cases pending in separate fora. *See, e.g., Robert Westbery v. Gustech Communications, LLC*, 2018 WL 3548869, at *2-9 (N.D. Tex. July 24, 2018); *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 594 (N.D. Tex. Feb. 7, 2003).

Therefore, the Court should transfer this matter to the Northern District of California so that it can be heard along with the California Class Action.

## II.     BACKGROUND

Mr. Schobinger is Twitter's former Executive and Incentive Compensation Director. (Twitter's Petition ¶ 17, Dkt. 1-1.) Mr. Schobinger filed the California Class Action on June 20, 2023. *See Schobinger v. Twitter, Inc. et al.*, Civ. Act. No. 3:23-cv-03007. The Complaint in that matter is attached hereto as Exhibit A. In that Complaint, he alleges that in the months leading up to Musk's acquisition of Twitter in October 2022, its executives repeatedly promised

Twitter's employees that 2022 bonuses would be paid out at fifty percent (50%) of target in accordance with Twitter's Performance Bonus Plan, to be paid out during the first quarter of 2023. (California Class Action Compl. ¶¶ 3, 14-23, Ex. A.) Twitter repeated this promise following its acquisition by Musk. (California Class Action Compl. ¶¶ 3, 20 Ex. A.)

Twitter made this promise in an effort to prevent employees from leaving Twitter for other companies during the transition to Musk's ownership. (California Class Action Compl. ¶ 18, Ex. A.) Mr. Schobinger alleges that he and other Twitter employees indeed relied on this promise when choosing to remain employed by Twitter following Musk's acquisition rather than looking for or accepting positions elsewhere. (California Class Action Compl. ¶¶ 3, 24-25, Ex. A.) However, Twitter broke its promise and refused to pay any 2022 bonus to its employees. (California Class Action Compl. ¶4, 26 Ex. A.) Because Twitter reneged on its various promises (including regarding its bonus payments), Schobinger left Twitter in May 2023 (California Class Action Compl. ¶ 27, Ex. A.) Mr. Schobinger also brought class claims of breach of contract and promissory estoppel against Twitter. (California Class Action Compl., Counts I and II, Ex. A.)

Following Schobinger's filing of the California Class Action, Twitter filed the Petition in the instant matter on July 6, 2023 before the District Court of Williamson County, Texas, 395th Judicial District Court. (Twitter's Petition, Dkt. 1-1.) In its Petition, Twitter sought a temporary restraining order, and a temporary and permanent injunction, to prevent Mr. Schobinger from disclosing certain documents that Twitter believes are in Mr. Schobinger's possession. (Twitter's Petition ¶¶ 40-42.)

Twitter alleges that Mr. Schobinger "downloaded 120 documents in the final 20 days of his employment with Twitter," and that "the vast majority of these document included non-

3

personal, confidential Twitter information." (Twitter's Petition ¶ 24, Dkt. 1-1.) Twitter highlights one document in particular:

> Twitter's Compensation Detail Report, which contains, among many other things, the names, employee IDs, work locations, length of service, manager names, leave of absence dates, email addresses, salary ranges, total and annualized base pay, restricted stock unit ("RSU") options information (total granted, total vested, total unvested, percentages unvested), year to date equity granted, bonus plan eligibility, bonus plan target percentage, and other compensation information 2,251 Twitter employees worldwide.

(Twitter's Petition ¶ 24, Dkt. 1-1.)

As Twitter repeatedly acknowledges in its Petition, Mr. Schobinger has represented to Twitter that he does not possess the documents in question. (Twitter's Petition ¶¶ 28, 40, Dkt. 1-1.) Nevertheless, Twitter pursued this matter, as Mr. Schobinger "is the named plaintiff in a class action lawsuit where he and his counsel could use this information to their advantage and to Twitter's detriment . . . ." (Twitter's Petition ¶ 41, Dkt. 1-1.)

Although the District Court of Williamson County scheduled a hasty conference call in this case (before Schobinger had a chance to respond or even retain local counsel), this case was removed to federal court before any action could be taken by the state court judge. (Notice of Removal, Dkt. 1.)

## III.   ARGUMENT

### A.   Legal Standard

A request to transfer a case to another district is governed by 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses

and the public against unnecessary inconvenience and expense[.]" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation and internal quotation marks omitted). The court has "broad discretion whether to order a transfer." *Sisk v. BWS Inspection Services, LLC*, 2022 WL 3567349, at *1 (W.D. Tex. Aug. 16, 2022) (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)).

Courts often transfer venue where "the existence of similar litigation elsewhere make another venue more sensible." *Bobosky v. Adidas AG*, 2010 WL 4853295, at *6 (D. Or. Oct. 8, 2010), *report and recommendation adopted*, 2010 WL 4828392 (D. Or. Nov. 18, 2010) (citing *Moto Photo*, 2003 WL 298799, at *3 (holding that a related bankruptcy filing by defendant in another district warranted transfer)); *Westbery*, 2018 WL 3548869, at *2-9 (transferring FLSA collective action to the District of South Carolina, where the defendants were headquartered, and where a nearly identical FLSA collective action had been brought); *DataTreasury Corp.*, 243 F. Supp. 2d at 594 ("Transfer is particularly appropriate where related cases involving the same issues are pending in another court."); *Johnson v. Am. Airlines, Inc.*, No. 79 C 5248, 1981 U.S. Dist. LEXIS 13215 (N.D. Ill. June 2, 1981) (granting plaintiffs' motion to transfer case from Illinois to Texas because similar litigation was already pending in Texas, because defendant, witnesses, and records were located in Texas, and because considerable economies could be achieved by considering the cases together).

In analyzing a motion to transfer, district courts consider first "whether the proposed transfer venue is a forum in which the suit could originally have been brought . . . ." *Sisk*, 2022 WL 3567349, at *1 (citing *Broussard v. State Farm Fire and Cas. Co.*, 523 F.3d 618, 631 (5th Cir. 2008)). Then, the court must analyze "party and witness convenience," and "the interests of

5

justice." *Id.* To do so, "courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case." *PersonalWeb Technologies, LLC v. NEC Corp. of Am., Inc.*, 2013 WL 9600333, at *2 (E.D. Tex. Mar. 21, 2013) (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009).

A review of the relevant factors demonstrates that a transfer of venue to the Northern District of California is in the interest of justice.

### B.   Defendant Meets the Threshold Requirement to Warrant a Transfer

The threshold issue in a § 1404(a) analysis is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *PersonalWeb Technologies, LLC v. NEC Corp. of Am., Inc.*, 2013 WL 9600333, at *2 (E.D. Tex. Mar. 21, 2013) (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) *("In re Volkswagen I")*. In determining whether a judicial district is one in which the claim could have been filed, courts consider whether the court would be an acceptable venue under 28 U.S.C. § 1391. *See In re Volkswagen I*, 371 F.3d at 203.[1]

The claims in this case plainly could have been filed in the Northern District of California pursuant to the venue rules in 28 U.S.C. § 1391. Section 1391(b)(2) provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving

---

[1]   NFI may argue that this case could not have been filed in the District of New Jersey due to the Texas forum selection clause in its Operating Agreements. As the Supreme Court has explained, however, "[w]hether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W.D. Tex.*, 571 U.S. 49, 55 (2013).

rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Venue may be proper in more than one district. *See Zurich Am. Ins. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 722 (W.D. Tex. 2013). In actions concerning contractual obligations, "a substantial part of the events or omissions may potentially occur. . . where the negotiations took place, where the contract was signed, where the performance of breach occurred; or the place where parties acted or were engaged in business" *Bride Ministries, NFP v. DeMaster*, 2020 WL 6822836, at *7 (E.D. Tex. Nov. 20, 2020) (internal citation omitted). Further in cases regarding alleged misappropriation of confidential information, "causes of action may occur in the judicial district where the injuries occurred." *Id.* (quoting *Vine Oil & Gas LP v. Indigo Minerals, LLC*, 2019 WL 4140842, at *5 (E.D. Tex. Aug. 30, 2019).

Here, Twitter is headquartered in San Francisco (Twitter's Petition ¶ 16, Dkt. 1-1), which is located in the Northern District of California. Twitter maintained the documents in question in its San Francisco headquarters[2] and drafted the confidentiality provision in San Francisco.[3] When Twitter sent a letter to Mr. Schobinger regarding his obligations under the confidentiality agreement he had signed, it came from Twitter's headquarters in San Francisco. (Twitter's Petition, Exhibit 5, Dkt. 1-1.) Moreover, Twitter's concern is that Mr. Schobinger will breach the agreement in the Northern District of California, by disclosing the documents in

---

[2] For example, Exhibit 3 to Twitter's Petition is an email showing that the some of the documents at the center of the dispute here were sent to Mr. Schobinger by a Twitter employee in San Francisco. (Twitter's Petition, Exhibit 3, Dkt. 1-1.)

[3] Notably, "courts have recognized that modern technology permits the negotiation and performance of contracts without face-to-face contacts and have found venue proper in a district in which either party to a contract was located." *Technology Credit Corp.*, 307 F. Supp. 3d at 1002 (quoting *Richmond Techs. Inc. v. Aumtech Business Solutions*, 2011 WL 2607158, at *10 (N.D. Cal. July 1, 2011)).

7

question in the California Class Action. (Twitter's Petition ¶ 41, Dkt. 1-1.) Therefore, the anticipated events that make up the grounds for Twitter's petition would occur in San Francisco. For these reasons, venue would appropriately lie in the Northern District of California. *See Technology Credit Corp. v. N.J. Christian Academy, Inc.*, 307 F. Supp. 3d 993, 1002-03 (N.D. Cal. Apr. 18, 2018) (holding that venue was appropriate in the Northern District of California where the plaintiff "accepted and executed documents" in the Northern District of California, was headquartered in the Northern District of California, and where the harm to defendants would occur in the Northern District of California); *Richmond Techs. Inc.*, 2011 WL 2607158, at *10 (finding venue appropriate in the Northern District of California where it was the district "in which one party to the contract was located and to which obligations under the contract were due, for that location 'is determined at the inception of the contract and therefore parties can anticipate where they may be sued.'") (internal quotation omitted).

### C. Transfer is in the Interest of Justice

The convenience of the parties and witnesses as well as the interests of justice also strongly support transfer of this case to the Northern District of California, given the fact that Twitter is headquartered in San Francisco and that this matter is entwined with the California Class Action. As stated previously, courts consider a number of private interest factors and public interest factors in evaluating the convenience of the parties and witnesses along with the interests of justice, which overwhelmingly support transferring this case to the Northern District of California. *See In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (hereinafter "*In re Volkswagen II*").

#### 1. The Private Interest Factors Strongly Support Transfer

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the

availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen II*, 545 F.3d at 315.

The relative ease of access to sources of proof factor "will turn upon which party . . . will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues." *PersonalWeb Technolgies, LLC*, 2013 WL 9600333, at *3 (citing *In re Volkswagen II*, at 314–15). Here, Twitter's headquarters are in San Francisco, where the documents in question are maintained, meaning the first factor supports transfer.[4]

Similarly, the second and third factors support transfer to the Northern District of California, again given the fact that Twitter is headquartered in San Francisco, and presumably all of the witnesses (other than Defendant himself) are located in San Francisco. Thus, transferring the case to the Northern District of California would greatly simplify witness attendance issues and lower costs.

Courts also look at "other practical problems," which "include those that are rationally based on judicial economy." *Realtime Data, LLC v. Rackspace US, Inc.*, 2017 WL 772653, at *10 (E.D. Tex. Feb. 28, 2017). The "existence of *multiple lawsuits involving the same issues* 'is a paramount consideration when determining whether a transfer is in the interest of justice.'" *In re Vicor Corp.*, 493 Fed. Appx. 59, 61 (Fed. Cir. 2012) (emphasis added). This factor strongly supports transfer because there is a related case pending in the Northern District of California –

---

[4]   Twitter may argue that the relevant documents are maintained on Defendant's computer in Texas, but there is no great hardship in simply taking said computer to San Francisco, where the bulk of evidence in this case is located.

the California Class Action – between the same parties and concerning the same documents at issue here.

It will be more efficient and less expensive for Twitter to litigate the two related cases in a single district, which happens to be Twitter's home state, than litigating this matter simultaneously with the California Class Action in two courts 1,750 miles apart. Given that the documents at issue in this matter are directly relevant to the California Class Action (and indeed should be produced by Twitter in discovery over the course of that case), it would be a profound waste of judicial resources and costs for the parties to litigate how those documents are to be handled in this Court. Instead, Judge Chhabria should simply decide what safeguards may be appropriate to adequately protect Twitter's interests in view of the discovery that will take place in that matter.

Thus, the private interest factors weigh heavily in favor of transfer to the Northern District of California to be heard in front of Judge Chhabria.

### 2. The Public Interest Factors Strongly Support Transfer

The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen II*, 545 F.3d at 315.

When analyzing the first factor, courts have held that the existence of a related pending case in another district weighs strongly in favor of transfer. Courts have held that when a related case is pending in another district, "it is in the interest of justice that the principle of comity is upheld." *Greater Yellowstone Coal. v. Kempthorne*, 2008 WL 1862298, at *5 (D.D.C. Apr. 24,

10

2008). As the Supreme Court held, "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 80 S. Ct. 1470, 1474 (1960). To reiterate, the California Class Action is pending before the Northern District of California. The Defendant in this matter is the Plaintiff in California Class Action, and in that matter, Judge Chhabria will undoubtedly need to determine how best to handle the documents at issue. There is simply no need for this Court to address Twitter's arguments separately from the Judge Chhabria in the California Class Action – doing so would only prevent Judge Chhabria from being able to cogently address issues that come up as that case progresses, especially if he were to take a different view of the matter than this Court. Thus, this factor overwhelmingly supports transfer.

With respect to the second factor, the "local interest in having localized interests decided at home," this factor analyzes "the 'factual connection' that a case has with both the transferee and transferor venues." *PersonalWeb Technolgies, LLC*, 2013 WL 9600333, at *5 (quoting *In re Volkswagen I*, 372 F.3d at 206). Courts have held that so-called "local interests" favor trial in the location where parties have their corporate headquarters. *See, e.g., PersonalWeb Technolgies, LLC*, 2013 WL 9600333, at *11. While Mr. Schobinger lived and worked remotely in Texas, Twitter is headquartered in California. The Northern District of California has a far greater interest in disputes concerning Twitter, "a leading social media platform that connects millions of people in

11

a digital town square" (Twitter's Petition ¶ 16, Dkt. 1-1), than does Texas in disputes concerning Mr. Schobinger, as an individual. This factor should weigh in favor of transfer.[5]

The third factor is the "familiarity of the forum with the law that will govern the case." *In re Volkswagen II*, 545 F.3d at 315. Finally, while this Court is of course capable of deciding the issues raised in Twitter's Petition, which concern his obligations under a confidentiality agreement, Judge Chhabria in the Northern District of California is in a better position to do so. As explained previously, the documents in question here are also within the scope of discovery in the California Class Action. Judge Chhabria will be in the best position to address Twitter's concern regarding its confidential documents in the context of the needs of discovery in the California Class Action.

And for similar reasons, the fourth factor also supports transfer. Transferring the case would avoid any risk that this Court could enter orders that contradict Judge Chhabria's view of the course of discovery in the California Class Action.

At bottom, the public interest factors overwhelmingly favor transfer.

## IV.    CONCLUSION

For the foregoing reason, the Court should grant Defendant's Motion and transfer this matter to the United States District Court for the Northern District of California.

---

[5] While courts have looked at the "relative congestion of the calendars" as a potential factor, "[t]his factor is the most speculative, and cannot alone outweigh other factors. *Diem LLC v. BigCommerce, Inc.*, 2017 WL 6729907, at *5 (E.D. Tex. Dec. 28, 2017).

Dated: July 14, 2023                             Respectfully submitted,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan (*pro hac vice*)
Bradley Manewith (*pro hace vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
bmanewith@llrlaw.com

-and-

Drew N. Herrmann
Texas Bar No. 24086523
HERRMANN LAW, PLLC
801 Cherry St., Suite 2365
Fort Worth, Texas 76102
(817) 479-9229
drew@herrmannlaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2023, a true and accurate copy of the foregoing document was served on counsel for Plaintiff via filing on the Court's CM/ECF system.

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (*pro hac vice*)
