## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |
|---|---|
| **X CORP., SUCCESSOR IN INTEREST TO TWITTER, INC.,** | No. 1:23-cv-00778 |
| *Plaintiff,* |  |
| **v.** |  |
| **MARK SCHOBINGER,** |  |
| *Defendant.* |  |

## DEFENDANT'S REPLY IN SUPPORT OF
## AMENDED MOTION TO TRANSFER VENUE

**TABLE OF CONTENTS**

I.      INTRODUCTION............................................................................................................1

II.     ARGUMENT ................................................................................................................1

        A.      Twitter Could Have Brought this Case in the Northern District of
                California....................................................................................................................1

        B.      The Private Interest Factors Support Transfer ....................................................... 4

        C.      The Public Interest Factors Support Transfer ....................................................... 9

III.    CONCLUSION ............................................................................................................10

# TABLE OF AUTHORITIES

## Cases

*A & R Logistics Holdings, Inc. v. Curl*,
   2015 WL 5561179 (N.D. Ill. Sept. 21, 2015) ...........................................................3

*A. J. Industries, Inc. v. U.S. Dist. Court for Central Dist. of California*,
   503 F.2d 384 (9th Cir. 1974) ........................................................................ 4

*Bobosky v. Adidas AG*,
   2010 WL 4853295 (D. Or. Oct. 8, 2010) ........................................................ 6

*Crittendon v. Muldrow*,
   2023 WL 2743582 (N.D. Cal. Mar. 31, 2023) ................................................. 2

*Custom Conveyor Corp. v. Hyde*,
   237 F. Supp. 3d 895 (D. Minn. 2017) ............................................................. 2

*DataTreasury Corp. v. First Data Corp.*,
   243 F. Supp. 2d 591 (N.D. Tex. Feb. 7, 2003) ...............................................5

*Defense Distributed v. Bruck*,
   30 F.4th 414 (5th Cir. 2022) ......................................................................... 9

*Doubletree Partners, L.P. v. Land America American Title Co.*,
   2008 WL 5118599 (N.D. Tex. Dec. 3, 2008) ..................................................5

*In re Volkswagen of America, Inc.*,
   545 F.3d 304 (5th Cir. 2008)..................................................................9, 10

*Jarvis Christian College v. Exxon Corp.*,
   845 F.2d 523 (5th Cir. 1988) .........................................................................5

*LeCroy Corp. v. Hallberg*,
   2010 WL 3958761 (S.D.N.Y. Oct. 4, 2010) .................................................... 2

*Lopez v. Nat'l Freight, Inc.*,
   2023 WL 2290787 (N.D. Tex. Feb. 28, 2023) ................................................10

*Numeric Analytics, LLC v. McCabe*,
   161 F. Supp. 3d 348 (E.D. Pa. Feb. 9, 2016)..................................................3

*Odom v. Microsoft*,
   2009 WL 279968 (E.D. Tex. Jan. 30, 2009) ................................................... 8

*Opus Fund Services (USA) LLC v. Theorem Fund Services, LLC*,
    2017 WL 4340123 (N.D. Ill. Sept. 29, 2017) ........................................................ 2

*Poseidon Oil Pipeline Co. v. Noble Drilling (U.S.) Inc.*,
    2007 WL 1259219 (E.D. La. Apr. 26, 2007) ........................................................5

*Powerhouse Productions, Inc. v. Widgery*,
    564 F. Supp. 2d 672 (E.D. Tex. Mar. 26, 2008) ........................................................ 9

*Realtime Data, LLC v. Rackspace US, Inc.*,
    2017 WL 772653 (E.D. Tex. Feb. 28, 2017) ........................................................7

*Schobinger v. Twitter, Inc. et al.*,
    Civ. Act. No. 3:23-cv-3007 (N.D. Cal.) ........................................................1

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ........................................................ 2

*Scott v. Tesoro Refining & Marketing Co., LLC*,
    2020 WL 13564972 (W.D. Tex. July 20, 2020) ........................................................3

*TitanUrbi21, LLC v. GS Oilfield Services, LLC*,
    2020 WL 5066943 (N.D. Tex. Aug. 27, 2020) ........................................................ 9

*Travel Leaders Leisure Group, LLC v. Cruise & Travel Experts, Inc.*,
    2020 WL 4604534 (D. Minn. Aug. 11, 2020) ........................................................ 2

*VMWare, Inc. v. Cirba Inc.*,
    2020 WL 13064702 (E.D. Va. Feb. 24, 2020) ........................................................ 4

*Wright v. UDL Laboratories, Inc.*,
    2011 WL 760067 (N.D. Ill. Feb. 24, 2011) ........................................................ 6

*Zurich Am. Ins. v. Tejas Concrete & Materials Inc.*,
    982 F. Supp. 2d 714 (W.D. Tex. 2013) ........................................................ 4

**Statutes**

28 U.S.C. § 1392(b)(2) ........................................................ 4

28 U.S.C. § 1404(a) ........................................................1, 4

**Other Authorities**

15 C. Wright, A. Miller & E. Cooper,
    Federal Practice and Procedure § 3854 (3d ed. 2007) ........................................................5

## I.      INTRODUCTION

As a matter of judicial economy and common sense, this case should be transferred to the Northern District of California. The dispute in this case concerns Defendant's alleged possession of documents that are directly at issue in the first-filed matter of *Schobinger v. Twitter, Inc. et al.*, Civ. Act. No. 3:23-cv-3007 (N.D. Cal.) (hereinafter the "California Class Action"). Twitter, however, pretends that this matter and the California Class Action are entirely unrelated. This position directly contradicts Twitter's allegations in its Petition, which make clear that the very reason that Twitter seeks relief here is its concern that Defendant will disclose confidential documents in the California Class Action. In reality, this case presents little more than a discovery issue that would be more appropriately addressed by Judge Chhabria in the California Class Action. The Court should thus transfer this matter pursuant to 28 U.S.C. § 1404(a), as doing so would be in the interest of justice.

## II.     ARGUMENT

### A.      Twitter Could Have Brought this Case in the Northern District of California

Twitter asserts that Mr. Schobinger's motion should be denied at the outset, because Mr. Schobinger has not established that the Northern District of California would have personal jurisdiction over Schobinger.

However, courts around the country have held that where an employee works remotely, the court has sufficient minimum contacts to exercise specific personal jurisdiction in the forum where the company is headquartered.[1] *See, e.g.*, *Travel Leaders Leisure Group, LLC v. Cruise &*

---

[1]      Federal courts in the Northern District of California "follow California law to determine whether they may exercise specific personal jurisdiction over a defendant," which in turn "looks to whether the defendant has '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."

*Travel Experts, Inc.*, 2020 WL 4604534, at \*9-10 (D. Minn. Aug. 11, 2020) (finding that the District of Minnesota had specific personal jurisdiction over a defendant who worked remotely in Michigan where he worked for a Minnesota-based company and was accused of emailing himself the company's proprietary information); *Custom Conveyor Corp. v. Hyde*, 237 F. Supp. 3d 895, 901 (D. Minn. 2017) ("Hyde worked for more than five years for a Minnesota-based company, with which he was in nearly constant contact; (allegedly) obtained trade secrets from the company over that span; and then, after resigning his employment (allegedly) disclosed those secrets to a competitor. In this Court's view, an employee undertaking such conduct should not be surprised that he might be sued in, and subject to the jurisdiction of, the state in which his former employer is located. Indeed, courts have routinely reached that same conclusion.") (collecting cases); *Opus Fund Services (USA) LLC v. Theorem Fund Services, LLC*, 2017 WL 4340123, at \*3 (N.D. Ill. Sept. 29, 2017) (holding that the Illinois federal district court had specific jurisdiction over an employee who worked for an Illinois employer remotely from Oregon, explaining: "The fact that she worked remotely from Oregon does not mean that she did not regularly access Opus networks in Illinois to carry out her job and communicate regularly with her supervisor . . . and other in Opus' Naperville office."); *LeCroy Corp. v. Hallberg*, 2010 WL 3958761, at \*4-5 (S.D.N.Y. Oct. 4, 2010) (finding personal jurisdiction over out-of-state employees where the employee entered into a confidentiality agreement with the New York employer, because it "gave rise to substantial temporal and substantive relationships" between the employee and the New York employer, meaning that the employee transacted business in

---

*Crittendon v. Muldrow*, 2023 WL 2743582, at \*2 (N.D. Cal. Mar. 31, 2023) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004)).

New York).[2]

Here, Twitter's Petition sufficiently establishes that the Northern District of California would have personal jurisdiction over Mr. Schobinger had Twitter filed the case in that forum. Mr. Schobinger worked for Twitter, which is headquartered in San Francisco, as the Head of Compensation and Benefits. (Twitter's Petition ¶ 17, Dkt. 1-1.) Mr. Schobinger interacted with Twitter's employees in San Francisco regarding the documents at issue in this case, some of which were emailed to Mr. Schobinger by a Twitter employee in San Francisco. (Twitter's Petition, Exhibit 3, Dkt. 1-1.) Furthermore, the injury that Twitter seeks to head off is disclosure of the documents that Mr. Schobinger is alleged to possess to the federal district court in the Northern District of California. (Twitter's Petition ¶ 41, Dkt. 1-1.) These allegations are amply adequate to demonstrate the Northern District of California's personal jurisdiction over Mr. Schobinger. Moreover, while Twitter faults Mr. Schobinger for not submitting evidence beyond Twitter's Petition and attached exhibits, courts in Texas have granted transfer based on similar showings. *See Scott v. Tesoro Refining & Marketing Co., LLC*, 2020 WL 13564972, at *1 (W.D. Tex. July 20, 2020) ("It also appears from the face of the complaint that the transferee court will have personal jurisdiction over the Defendants . . . ."). [3]

---

[2]     *See also Numeric Analytics, LLC v. McCabe*, 161 F. Supp. 3d 348, 355-56 (E.D. Pa. Feb. 9, 2016) (exercising personal jurisdiction over employees who worked for a Pennsylvania employer in other states, because the employees knew they were working for a Pennsylvania company, and the work was channeled through Pennsylvania); *A & R Logistics Holdings, Inc. v. Curl*, 2015 WL 5561179, at *3 (N.D. Ill. Sept. 21, 2015) (finding personal jurisdiction in a non-compete action where the out-of-state employee "knew that his continued employment and agreement to the non-compete and nondisclosure clauses in the stock options agreement would have substantial effect in Illinois because [the plaintiff's] operations headquarters is located there").

[3]     Moreover, if this case were to be transferred to the Northern District of California, Defendant would concede that that court has personal jurisdiction over him.

Twitter's argument fails for an additional reason. Schobinger need not even establish personal jurisdiction in the Northern District of California. In *A. J. Industries, Inc. v. U.S. Dist. Court for Central Dist. of California*, 503 F.2d 384, 387 (9th Cir. 1974), the Ninth Circuit held that "the ability to raise the subject matter of a suit in the transferor district by counterclaim in the transferee district will, as general proposition, satisfy the 'where it might have been brought' requirement of 28 U.S.C. § 1404(a)." In other words, because Twitter could have asserted the claims in its Petition as counterclaims in the California Class Action, the threshold inquiry is satisfied. *See also VMWare, Inc. v. Cirba Inc.*, 2020 WL 13064702, at *2 (E.D. Va. Feb. 24, 2020) ("Here, plaintiff . . . might have brought this action in the District of Delaware by asserting additional patent infringement counterclaims against defendant . . . .").

Twitter also argues that Mr. Schobinger failed to demonstrate that venue would be appropriate in the Northern District of California under 28 U.S.C. § 1392(b)(2), which affords venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Twitter insists that the "access, improper retention, and threatened use" of the documents in question took place in Texas. (Twitter's Opp. at 8, Dkt. 15.) However, as explained in Defendant's Amended Motion, significant aspects of the events at issue here took place (or, according to Twitter, will take place) in California. While venue under § 1392(b)(2) may be proper in this Court, it is also proper in the Northern District of California. *See Zurich Am. Ins. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 722 (W.D. Tex. 2013) ("[V]enue may be properly laid in more than one district . . . .") (internal citation omitted).

## B. The Private Interest Factors Support Transfer

First, and foremost, the interest of justice weighs strongly in favor of transferring this matter to the Northern District of California. The "interest of justice is a factor . . . to be

considered on its own, and is an extremely important one." *Doubletree Partners, L.P. v. Land America American Title Co.*, 2008 WL 5118599, at *5 (N.D. Tex. Dec. 3, 2008) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3854 at 246 (3d ed. 2007)). Oddly, Twitter asserts that courts do not consider "similar litigation" in the transfer analysis. To the contrary, in evaluating what is in the "interest of justice," courts "including the Fifth Circuit, have held that the existence of related litigation in a transferee court is a factor that weighs strongly in favor of transfer." *Id.* (citing *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528-29 (5th Cir. 1988)). Indeed, "[w]here related litigation is pending in the transferee court, the 'interest of justice' may dictate transfer notwithstanding any inconvenience of the parties and witnesses." *Id.* (citing *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 594 (N.D. Tex. Feb. 7, 2003); *Poseidon Oil Pipeline Co. v. Noble Drilling (U.S.) Inc.*, 2007 WL 1259219, at *1-2 (E.D. La. Apr. 26, 2007)). Notably the court in *Doubletree Partners* granted the defendants' motion to transfer even where "defendants have not clearly demonstrated that the convenience and parties and witnesses . . . favor transfer," because there was a related declaratory judgment action in the transferor district. *Id.* at *5. The court explained that [i]n this case, the 'interest of justice,' standing alone, favors transfer to the Eastern District of Texas." *Id.* at *6; *see also Poseidon Oil Pipeline Co.*, 2007 WL 1259219, at *1-2 (transferring related cases based on pendency of earlier action even though other private and public interest factors did not weigh in favor of transfer.

Twitter, however, farcically argues that this matter and the California Class Action are unrelated. Twitter's contention seems to be that since the documents that Twitter alleges Mr. Schobinger misappropriated go beyond the documents that are relevant in the California Class

Action, the two actions do not involve similar issues and are unrelated. Twitter's Petition belies this assertion. Indeed, the heart of Twitter's concern is that Twitter believes that Mr. Schobinger will disclose confidential documents in the California Class Action: "Schobinger has or soon will improperly disclose and use the confidential and sensitive information in the documents he downloaded, emailed, and uploaded before separating from Twitter, particularly the compensation information in the Compensation Detail Report, by filing the California Lawsuit," and because "Schobinger transmitted this confidential and sensitive information to himself . . . , and is the named plaintiff in a class action lawsuit where he and his counsel could use this information to their advantage and to Twitter's detriment, Schobinger is threatening to use this information in further breach of the Agreement." (Twitter's Petition ¶ 41, Dkt. 1-1.) It is thus utterly clear that the California Class Action shares overlapping issues with this matter with respect to the treatment of the purportedly confidential documents. And to reiterate, it should be for Judge Chhabria to determine what safeguards may be appropriate to adequately protect Twitter's interests in view of the discovery that will take place in that matter.[4]

---

[4]      Twitter also makes hay of the fact that some of the cases concerned motions by plaintiffs to transfer rather than by defendant, arguing that "courts hold plaintiffs to a different standard than defendants who move to transfer." (Twitter's Opp. at 19, Dkt. 15 (quoting *Bobosky v. Adidas AG*, 2010 WL 4853295, at *5 (D. Or. Oct. 8, 2010).) If anything, though, the standard is actually more difficult for plaintiffs, because "courts generally agree that a plaintiff must first show that there has been a change of circumstances since the suit was filed that warrants transfer." *Bobosky*, 2010 WL 4853295, at *5. This additional threshold factor – apparently intended to guard against forum shopping – does not render the cases Mr. Schobinger cites irrelevant, as Twitter contends. Furthermore, while Twitter argues that its choice of forum should be respected as the plaintiff, in fact courts have held that "a case that has been removed from state court to federal court is no longer in plaintiff's chosen forum, and therefore does not require much emphasis on this factor." *Wright v. UDL Laboratories, Inc.*, 2011 WL 760067, at *3 (N.D. Ill. Feb. 24, 2011). This Court is not Twitter's chosen forum – in fact, Twitter presses the Court to remand this case back to state court. As such, Twitter's choice of forum is not a significant factor to be weighed.

The other private interest factors also favor transfer. For example, the fourth factor –

practical problems that make trial of a case easy, expeditious, and inexpensive – supports transfer

for similar reasons. *See Realtime Data, LLC v. Rackspace US, Inc.*, 2017 WL 772653, at *10 (E.D.

Tex. Feb. 28, 2017). These "practical problems include those that are rationally based on judicial

economy." *Id.* Judicial economy clearly favors putting Twitter's claims before Judge Chhabria

rather than addressing these documents in two different fora 1,750 miles apart. Twitter's only

response is that the cases are not actually similar, but as explained above, Twitter is simply

wrong.

Regarding the first factor, Twitter argues that the relative ease of access to sources of

proof weighs against transfer. Again, Twitter is incorrect. The documentary evidence in this

matter is primarily, if not exclusively, electronic. Indeed, the allegations Twitter makes in its

Petition are that Mr. Schobinger "was forwarding emails to his personal email address," that

"Schobinger downloaded 120 documents in the final 20 days of his employment at Twitter," and

that "Schobinger maintained a personal cloud-storage account on Google Drive and uploaded

documents (Twitter's Petition ¶¶ 23-24, Dkt. 1-1.)[5] Mr. Schobinger has already represented

numerous times that he does not have **any** of these documents within his possession, which

Twitter readily acknowledges in its Petition. (Twitter's Petition ¶¶ 28, 40, Dkt. 1-1.) Twitter, on

the other hand, maintains these documents in San Francisco. Admittedly, the technology

implicated in this case makes this factor less weighty, as electronic sources of proof can be easily

---

[5]      Twitter disingenuously argues that Mr. Schobinger failed to identify sources of proof with enough specificity. It is no great mystery as to what Schobinger discusses here – the documents that Twitter believes he misappropriated and any other related documentation such as documents related to Twitter's data security efforts and investigation of Mr. Schobinger.

accessed from anywhere. *See Odom v. Microsoft*, 2009 WL 279968, at *3 (E.D. Tex. Jan. 30, 2009). Nevertheless, it points in favor of transfer.

Twitter also argues that second and third factors – the availability of compulsory process to secure the attendance of witnesses and the cost of attendance for willing witnesses – weigh against transfer. Given that Twitter's operations are based in San Francisco, it stands to reason that the witnesses are too. For example, the documents that Twitter submitted in support of its Petition suggest that the relevant witnesses will be in San Francisco. Exhibit 3 to Twitter's Petition is an email to Schobinger from Ling Hui, Twitter's Director of Finance Systems whose email signature indicates that she is in San Francisco. (Twitter Petition, Exhibit 3, Dkt. 1-1.) Twitter asserts that Schobinger forwarded that email to his personal email address, and thus Hui would be a relevant witness in California. (Twitter Petition ¶ 25 n.15, Dkt. 1-1.) Likewise, Exhibit 5 to Twitter's Petition is a letter to Schobinger from Twitter's Acting Head of Litigation, Adam Mehes. (Twitter Petition, Exhibit 5, Dkt. 1-1.) The letterhead indicates that it came from San Francisco. While Twitter asserts that Mehes' verification indicates that he lives in Austin, Texas, it does not. In fact, Mehes' address is fully redacted in his verification. (Twitter Petition, Mehes Verification, Dkt. 1-1.) Similarly, Twitter asserts that its Director of Information Security Bruce Applin is a resident of Flagstaff, Arizona, but Applin's address is fully redacted in his verification. (Twitter Petition, Applin Verification, Dkt. 1-1.)[6] Furthermore, other Twitter data security employees who may serve as witnesses likely work at Twitter's headquarters in San Francisco.

---

[6]     Twitter also asserts that its attorney Stefanie Moll of Morgan Lewis Bockius LLP is located in Houston, Texas. To the extent that Moll is even relevant in this matter as a witness, it will hardly inconvenience Ms. Moll to address this matter in California, considering that her firm is also representing Twitter in the California Class Action.

C.      **The Public Interest Factors Support Transfer**

The public interest factors also weigh in favor of transfer. The first factor is "the administrative difficulties flowing from court congestion." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (hereinafter "*In re Volkswagen II*"). Twitter argues that this factor weighs against transfer since the Northern District of California has a larger case load than does this Court. Twitter fails to explain how having two different courts address the same kinds of documents would ameliorate court congestion. Indeed, courts have held that this factor supports transfer where "transfer will promote administrative efficiencies by having related cases resolved by the same court." *TitanUrbi21, LLC v. GS Oilfield Services, LLC*, 2020 WL 5066943, at *6 (N.D. Tex. Aug. 27, 2020). Twitter argues again that this matter and the California Class Action are not similar or related, but this argument can be rejected for the reasons explained previously. Furthermore, while Twitter cites statistics to suggest that a trial would be speedier in this Court, courts generally do not afford such considerations much significance. *See Powerhouse Productions, Inc. v. Widgery*, 564 F. Supp. 2d 672, 682 (E.D. Tex. Mar. 26, 2008) ("Notwithstanding the differences in weighted filings and pending caseload, the undersigned judge does not base transfer decisions on the relative workloads of this court and the proposed transferee court.").

The second factor is "the local interest in having localized interests decided at home." *In re Volkswagen II*, 545 F.3d at 315. As Twitter points out, "[t]he place of the alleged wrong is one of the most important factors in venue determinations." *Defense Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022). Twitter, however, is not correct however that the place of alleged wrong is exclusively Texas. The impetus for Twitter's Petition is that it anticipates that Plaintiff will disclose the confidential Twitter documents that he allegedly took in the California Class Action. (Twitter's Petition ¶ 41, Dkt. 1-1.) Thus, the core injury in this case would take place in the

Northern District of California.

The third factor is the familiarity of the forum with the law that will govern the case. *In re Volkswagen II*, 545 F.3d at 315. Twitter argues that this factor weighs against transfer, because this Court will have greater familiarity with Twitter's breach of contract claim under Texas common law. While that may be true, Twitter does not meaningfully dispute the fact that Judge Chhabria would be better positioned to address Twitter's claims in the context of the discovery needs of the California Class Action.[7]

Finally, the fourth factor is the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen II*, 545 F.3d at 315. Although Mr. Schobinger has explained the need to ensure that Judge Chhabria has the flexibility to determine what safeguards may be necessary to protect Twitter's interest without potentially conflicting decisions from this Court, Twitter once again simply states that the cases are too dissimilar to result in contradictory decisions. As a matter of common sense, Twitter's argument fails.

## III.    CONCLUSION

For the foregoing reasons, and for the reasons explained in Defendant's Amended Motion to Transfer (Dkt. 11), the Court should transfer this matter to the United States District Court for the Northern District of California.

---

[7]     Twitter relies on *Lopez v. Nat'l Freight, Inc.*, 2023 WL 2290787, at *7-8 (N.D. Tex. Feb. 28, 2023). *Lopez* is distinguishable in that the parties in that case had a forum selection clause in their agreements. *Id.* at *6. As such, the court noted that "[b]ecause public interest factors 'will rarely [justify] a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

Dated: July 21, 2023                    Respectfully submitted,

                                        /s/ Shannon Liss-Riordan
                                        Shannon Liss-Riordan (*pro hac vice*)
                                        Bradley Manewith (*pro hace vice*)
                                        LICHTEN & LISS-RIORDAN, P.C.
                                        729 Boylston Street, Suite 2000
                                        Boston, MA 02116
                                        (617) 994-5800
                                        sliss@llrlaw.com
                                        bmanewith@llrlaw.com

                                        *-and-*

                                        Drew N. Herrmann
                                        Texas Bar No. 24086523
                                        HERRMANN LAW, PLLC
                                        801 Cherry St., Suite 2365
                                        Fort Worth, Texas 76102
                                        (817) 479-9229
                                        drew@herrmannlaw.com

                                        ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2023, a true and accurate copy of the foregoing

document was served on counsel for Plaintiff via filing on the Court's CM/ECF system.

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (*pro hac vice*)